## IN RE HENRY K. GREENE

GARNISHMENT—JUDGMENT CREDITOR HAS RIGHT TO HAVE ANSWER OF GARNISHEE TAKEN BY AFFIDAVIT.

Notwithstanding the provisions of *Rev. Code* 1915, §§ 4127, 4145, 4388, relating to attachment, the judgment creditor is entitled under *Section* 4389 to require the answer of the garnishee in any execution attachment to be taken by affidavit, and before any person legally authorized to administer oaths, and other creditors do not have the right to have the garnishee enter a plea of nulla bona.

*(June* 1, 1921.)

RICE and HEISEL, J. J. sitting.

*James I Boyce* for plaintiff.

*Martin B. Burris* for other creditors of the defendants.

Superior Court for New Castle County, May Term, 1921.

ATTACHMENT FI. FA. No. 45, May Term, 1921.

Henry K. Greene obtained judgment by confession against Ollie E. Dukes and Frankie Melson, trading as Dukes and Mel-

son, and caused to be issued thereon an attachment *fi. fa.*, and summoned as garnishee The Reading Mutual Fire Insurance Company, a Corporation. On motion to strike from the record garnishee's plea demanded by counsel for other creditors, and to require garnishee to reappear and answer, or plead, at the election of plaintiff. Motion allowed.

The sheriff laid the above stated attachment in the hands of Reading Mutual Fire Insurance Company, a corporation of the state of Delaware, by serving the same upon Eugenia Beaston, treasurer and agent of the said company, and summoned the company as garnishee by serving the writ upon Eugenia Beaston, its treasurer and agent, etc. Whereupon the Reading Mutual Fire Insurance Company, garnishee, by Eugenia Beaston, its treasurer and agent, tendered itself ready to obey the summons of garnishment. Counsel for plaintiff in the attachment, being notified of the presence of the garnishee, elected to take the garnishee's answer and directed the prothonotary to that effect. Counsel for other creditors of the defendants in the writ required the garnishee to plead, and thereupon the garnishee pleaded "nulla bona," to which counsel for plaintiff took issue and filed in superior court a written motion to strike from the record the plea of "nulla bona," and further moved the court to require the garnishee to reappear and answer, or plead at the election of the plaintiff.

Counsel for other creditors of defendants contended that under *Rev. Code* 1915, § 4127, being in relation to domestic attachment, *section* 4145, in relation to foreign attachment, and *section* 4388, in relation to execution attachment, the intendment of the statute law was that all three proceedings should be identical throughout, and that the other creditors were within their rights in requiring the garnishee to plead.

Counsel for plaintiff disagreed with the contention made, and relied on *section* 4389, *Rev. Code* 1915, and the uniform practice in execution garnishments.

HEISEL, J. Our recollection is that the uniform practice in execution attachments is that other creditors do not have the right to have the garnishee enter a plea of "nulla bona"; and the

Legislature seemed to have that in view in enacting *section* 4389, *Rev. Code* 1915, where it says:

"The answer of a garnishee in any execution attachment, at the option of the plaintiff therein, may be taken by affidavit before any person legally authorized to administer oaths."

That option could have been exercised before any person authorized to administer oaths, and it did not have to be done in the prothonotary's office, and if done elsewhere the other creditors need not have known anything about it.

We think *section* 4389 embodies what we believe has been the uniform practice in attachments *fi. fa.*, and we order the plea of "nulla bona" stricken from the record.

Mr. Boyce: I elect to have the answer taken before the prothonotary.

Heisel, J. Let the answer be taken before the prothonotary in the usual way.